UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN T. CARIDAD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>HARRY OREOL,<br><br>　　　　　Respondent. | No. 2:15-cv-0403 CKD P<br><br><br>ORDER |

　　　　Petitioner, a civil detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. From documents in the record, it appears that petitioner is involuntarily committed to state custody due to a severe mental disorder. (See ECF No. 7.)

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　　Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or

1

palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, the petition does not meet the pleading requirements of Rule 2(c).  (See ECF No. 1 at 4-5.)  Accordingly, the court will summarily dismiss the petition pursuant to Rule 2(c).  Petitioner will be granted thirty days to file an amended petition that complies with Rule 2(c) and all other applicable rules.

In addition, it does not appear that petitioner has exhausted state remedies for any challenge to his confinement.  (See ECF No. 1 at 2, 5; ECF No. 6.)  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis is granted;

2. The petition is dismissed without prejudice pursuant to Habeas Rule 2(c);

3. Petitioner is granted thirty days from the date of this order to file an amended petition as described above; and

4. Petitioner's failure to timely file an amended petition will result in a recommendation that this action be dismissed.

Dated:  March 30, 2015

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cari0403.R2(c)

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).